MICHAEL D. SCHULMAN, ESQ.   (#137249)
LAW OFFICES OF MICHAEL D. SCHULMAN
21800 OXNARD STREET, SUITE 750
WOODLAND HILLS, CA 91367-7305
(818) 999-5553

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 7 2013
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Defendant
CITIBANK (SOUTH DAKOTA), N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

JACK KARPELES,

      Plaintiff,

      v.

CITIBANK (SOUTH DAKOTA), N.A.,

      Defendant.

Case No.: **CV13- 5158 JAK (JEMx)**

NOTICE OF REMOVAL BY DEFENDANT CITIBANK (SOUTH DAKOTA), N.A.

Pursuant to 28 U.S.C. Section 1441(b)

(Federal Question)

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT, pursuant to Section 1441(b) and Section 1446 of Title 28 of the United States Code, defendant Citibank (South Dakota), N.A. ("Citibank")[1] hereby removes the action entitled Jack Karpeles v. Citibank (South Dakota), N.A., Superior Court of the State of California for the County of Los Angeles, Case No. NC058884 (the "Action"), filed by plaintiff Jack Karpeles ("Plaintiff"), to the United States District Court for the Central District of California on the following grounds:

---

[1]  Effective July 2011, Citibank (South Dakota), N.A. merged into Citibank, N.A.  Accordingly, Citibank, N.A., is erroneously sued as Citibank (South Dakota), N.A.

-1-

1.      On June 17, 2013, Citibank received, by personal service, the Summons and Complaint in the Action.  True and correct copies of the Summons and Complaint served on Citibank are attached hereto as Exhibits 1 and 2, respectively.

2.      On July 17, 2013, Citibank filed its Answer to the Complaint in the Los Angeles County Superior Court, a true and correct copy of which is attached hereto as Exhibit 3.

3.      Based on the foregoing, Citibank has timely filed this Notice of Removal within thirty days of service of the Complaint.  See 28 U.S.C. § 1446(b).

## **FEDERAL QUESTION**

4.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed to this Court by Citibank pursuant to the provisions of 28 U.S.C. Section 1441(b) in that Plaintiffs have alleged, among other things, a violation of the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq. ("FCRA"), a claim that is created by, and arises under, federal law.

5.      Citibank simultaneously is filing a copy of this Notice of Removal with the Superior Court of the State of California for the County of Los Angeles.  Citibank will serve Plaintiff with copies of this Notice of Removal and the Notice filed in state court.

DATED: July ☐, 2013          LAW OFFICES OF MICHAEL D. SCHULMAN

By _____
      MICHAEL D. SCHULMAN
      Attorneys for Defendant,
      CITIBANK (SOUTH DAKOTA), N.A.

NOTICE OF REMOVAL

# EXHIBIT "1"

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITIBANK (SOUTH DAKOTA), N.A.

MAY 3 1 2013

John A. Clarke, Executive Officer/Clerk

By _____
E. SALCIDO

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JACK KARPELES

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br>415 West Ocean Blvd.<br>Long Beach, CA 90802 | **CASE NUMBER:** *(Número del Caso):*<br>NC058884 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

| DATE: *(Fecha):*  JOHN A. CLARKE  MAY 3 1 2013 | Clerk, by *(Secretario)* E. SALCIDO | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 415.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

RR
6/17/13
APS-3
LOYSAM

# EXHIBIT "2"

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorneys for Plaintiff

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 3 1 2013

John A. Clarke, Executive Officer/Clerk
By_____
E. SALCIDO

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
UNLIMITED JURISDICTION

| | |
|---|---|
| JACK KARPELES, | CASE NO.: NC058884 |
| Plaintiff, | COMPLAINT FOR MONEY, INJUNCTIVE AND DECLARATORY RELIEF |
| -vs- | 1. Violation of Fair Credit Reporting Act |
| CITIBANK (SOUTH DAKOTA), NA, | (Damages to Exceed $25,000) |
| Defendant. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), which regulates the collection, dissemination, and use of consumer information, including consumer credit information.

CASE MANAGEMENT REVIEW

NOV 0 4 2013

IN DEPARTMENT 67

## II. PARTIES

2.      Plaintiff, Jack Karpeles ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and are "consumers" as defined by 15 U.S.C. §1681a.

3.      At all relevant times herein, Defendant, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

4.      At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## III. FACTUAL ALLEGATIONS

5.      On or about September, 2011, Defendant filed a lawsuit against Plaintiff regarding a debt allegedly owed to Defendant. In December, 2011, Plaintiff entered into a settlement agreement and stipulated judgment with Defendant in the amount of $23,558.95. Plaintiff agreed to make monthly payments of $750.00 on the account.

6.      Plaintiff made all of the payments on time as agreed. However, despite Plaintiff's continued payments to the account, Defendant began reporting the account delinquent. Defendant had not previously reported the account as delinquent in September, 2012.

7.      On or about October, 2012, Plaintiff applied for a refinance loan on his condo. Plaintiff received a denial on October 2, 2012. The notice he received states that the principal reason for the denial is a delinquent credit obligation. Plaintiff learned about Defendant's derogatory reporting after receiving that denial letter.

8.      On or about October 4, 2012, Plaintiff sent a letter to Defendant's counsel, Hunt & Henriques, regarding the derogatory account reported by Defendant. Plaintiff requested that a

· 2

Complaint

letter be sent to Quicken Loans to explain that Plaintiff had been paying his account on time, per the stipulated judgment.

9. Plaintiff disputed Defendant's derogatory reporting with all three major credit reporting bureaus on October 6, 2012. All three credit reporting bureaus updated the account as disputed, but failed to update the account further and a past due balance was still listed.

10. Plaintiff also disputed the derogatory reporting with Defendant directly. Plaintiff including all of the information regarding his stipulated judgment and the proof of his payments made to Defendant since the stipulated judgment had been in place.

11. Plaintiff did not receive a response to his October 4, 2012, letter to Defendant's counsel. As such, he sent a second letter on October 13, 2012. He again requested a letter be sent to Quicken Loans.

12. When Plaintiff didn't receive a response to his second letter, Plaintiff sent yet another letter to Defendant's counsel. Plaintiff's third letter was also ignored by Defendant's counsel.

13. On November 5, 2012, Plaintiff called Defendant four times. On the first occasion, he was disconnected. On the other three occasions, Plaintiff was transferred to Defendant's counsel, Hunt & Henriques. Defendant's counsel repeatedly told Plaintiff that they had nothing to do with credit reporting. Defendant's counsel could not help Plaintiff and Plaintiff could not get anyone at Defendant to speak with him directly.

14. Plaintiff sent a fourth letter to Defendant's counsel, on November 6, 2012. Plaintiff also sent a letter directly to Defendant.

15. Plaintiff received a letter from Defendant dated October 31, 2012, wherein Defendant states that "Our records indicate that the information appearing on your credit report

3

Complaint

is correct." Defendant did not address all of the documentation and proof of payments that Plaintiff had provided to Defendant in his previous letter.

16.     Despite Plaintiff's continued efforts, Defendant continued to report Plaintiff's account as a charge-off and having a past due balance.

17.     Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

18.     Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

19.     The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with the Defendant.   Specifically, the Plaintiff asserts that his account with Defendant is not a charge-off and does not have a past due balance.

20.     Plaintiff has been denied credit due to the actions of Defendant.

21.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

22.     The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

23.     Within the last two years, Plaintiff disputed the inaccurate information with the CRA(s) by written communication to its representatives and by following the aforementioned reporting agency's established procedure for disputing consumer credit information.   Further, Plaintiff enclosed in his written dispute documents that either proved to Defendant that its

4

Complaint

information was inaccurate or provided them with evidence that was supportive of Plaintiff's contentions.

24.     Upon information and belief, within five (5) days of Plaintiff notifying the aforementioned credit reporting agency, said agency notified Defendant of Plaintiff's dispute and the nature of the dispute.

25.     Defendant then and there owed to Plaintiff a duty to assist the credit reporting agency in a re-investigation into the disputed facts that are being reported about Plaintiff.

26.     Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued publishing the inaccurate information and Defendant continued to publish and disseminate such inaccurate information to other credit reporting agencies.

27.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiffs.

28.   Plaintiff has been damaged, and continue to be damaged, in the following ways:

   a. Denial of credit by at least one lender;
   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;
   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   d. Decreased credit score which may result in inability to obtain credit on future attempts.

29.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

30.   At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

31.   Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a.   Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;
   b.   Willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to this Defendant;
   c.   Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;
   d.   Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;
   e.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   f.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

32.   Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

33.     Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports.  Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

34.     As a result of the above violations of the FCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

35.     Plaintiff reincorporates by reference all of the preceding paragraphs.

36.     To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages as proven;
B.  Statutory damages for willful and negligent violations;
C.  Costs and reasonable attorney's fees; and,
D.  For such other and further relief as may be just and proper.

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

Respectfully submitted this 26th day of May, 2013

By: _____
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

7

Complaint

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address): | **FOR COURT USE ONLY** |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741   FAX NO. 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Jack Karpeles | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAY 3 1 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _Child Walado_<br>E. SALCIDO |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: Los Angeles
STREET ADDRESS: 415 West Ocean Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, 90802
BRANCH NAME:

CASE NAME:
Jack Karpeles v. Citibank (South Dakota), NA

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | N C 0 5 8 8 8 4 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: May 26, 2013
Todd M. Friedman
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
| | | American LegalNet, Inc.<br>www.FormsWorkflow.com |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Jack Karpeles v. Citbank (South Dakota), NA | CASE NUMBER: N C 0 5 8 8 8 4 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 2-4  ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: Jack Karpeles v. Citbank (South Dakota), NA | CASE NUMBER | NC058884 |
| --- | --- | --- |

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons (See Step 3 Above) |
| --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☑ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | ☐ A6032 Quiet Title | 2., 6. |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Jack Karpeles v. Citbank (South Dakota), NA | | CASE NUMBER NC058884 |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 8. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Jack Karpeles v. Citbank (South Dakota), NA | CASE NUMBER: NC056354 |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: 1150 W. 13th St., Unit 204 |
|---|---|
| ☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: San Pedro | STATE: CA | ZIP CODE: 90731 |
|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Long Beach___ courthouse in the ___South___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___May 26, 2013___

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

# EXHIBIT "3"

1  LAW OFFICES OF MICHAEL D. SCHULMAN
2  MICHAEL D. SCHULMAN, ESQ.  SBN 137249
   21800 Oxnard Street, Suite 750
3  Woodland Hills, CA  91367
   Telephone: (818) 999-5553
4  Fax : (818) 999-5570

5  Attorneys for Citibank, N.A.
   incorrectly sued as
6  Citibank (South Dakota), N.A.

7

8          SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

9             SOUTH DISTRICT, LONG BEACH, UNLIMITED CIVIL CASE

10

11  Jack Karpeles,                          CASE NO.: NC058884

12          Plaintiff,                      ANSWER OF CITIBANK, N.A. TO
                                            COMPLAINT
13      vs.

14  Citibank (South Dakota), N.A.,

15          Defendant.

16 ─────────────────────────────────────────

17

18      Defendant, Citibank, N.A. (incorrectly sued as Citibank (South Dakota), N.A. (the

19  "Bank")), for itself alone and for no other defendant or defendants, answers in response

20  to Plaintiff's, Jack Karpeles ("Plaintiff") Complaint on file herein as follows:

21      1.   Under and in accordance with the provisions of Section 431.30 of the

22  California Code of Civil Procedure, the Bank denies, both generally and specifically,

23  each and every allegation contained in each paragraph of the Complaint and the Bank

24  expressly denies that Plaintiff is entitled to recover from the Bank any sum or sums

25  whatsoever.

26                          FIRST AFFIRMATIVE DEFENSE

27      2.   Plaintiff's claims are subject to binding arbitration, upon election of either

28  party, pursuant to the arbitration agreement contained in the written terms and

                                      1

conditions governing Plaintiff's credit card account(s).  The Bank reserves its right to elect arbitration of this dispute pursuant to such arbitration agreement, and to pursue any counterclaim(s) that it may have against Plaintiff in connection therewith.

### SECOND AFFIRMATIVE DEFENSE

3.  The Complaint fails to state facts sufficient to constitute a cause of action against the Bank.

### THIRD AFFIRMATIVE DEFENSE

4.  If the Plaintiff suffered or sustained any loss or damage, the same was directly and proximately caused and contributed to by the conditions and hazards of which Plaintiff is well aware and assumed the risks thereof.

### FOURTH AFFIRMATIVE DEFENSE

5.  Plaintiff, by the exercise of diligence, could have mitigated against the damages alleged in the Complaint; therefore, the damages, if any, suffered by Plaintiff, must be reduced, diminished or defeated by such amounts as should have been mitigated by him.

### FIFTH AFFIRMATIVE DEFENSE

6.  Plaintiff has come to the Court with unclean hands and is not entitled to any affirmative relief from this Court.

### SIXTH AFFIRMATIVE DEFENSE

7.  Plaintiff is estopped from asserting any obligation of the Bank by Plaintiff and/or Plaintiff's agent's own conduct.

### SEVENTH AFFIRMATIVE DEFENSE

8.  Liability owed to Plaintiff, if any, is owed by parties other than the Bank.

### EIGHTH AFFIRMATIVE DEFENSE

9.  Plaintiff consented to and approved all of the acts and omissions about which he now complains.

### NINTH AFFIRMATIVE DEFENSE

10.  If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff, and not the Bank.

### TENTH AFFIRMATIVE DEFENSE

11.  If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by the Bank.

### ELEVENTH AFFIRMATIVE DEFENSE

12.  The Bank specifically denies that it acted with any oppression, fraud or malice towards Plaintiff or others.

### TWELFTH AFFIRMATIVE DEFENSE

13.  If the Bank is determined to have any liability to the Plaintiff, the amount of such liability, if any, is subject to setoff of the amounts owed by Plaintiff to the Bank.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.  The Bank is immune, in whole or in part, from Plaintiff's claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

15.  Plaintiff's claims are pre-empted, in whole or in part.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.  Plaintiff is precluded from asserting any obligation of the Bank due to Plaintiff's failure to comply with conditions precedent.

### SIXTEENTH AFFIRMATIVE DEFENSE

17.  The Bank's conduct was privileged at all relevant times.

SEVENTEENTH AFFIRMATIVE DEFENSE

18.    The acts and conduct of Plaintiff and/or Plaintiff's agent precluded and interfered with any such acts or conduct required to be performed on the part of the Bank.

EIGHTEENTH AFFIRMATIVE DEFENSE

19.  The Bank contends that Plaintiff is not entitled to any damages from the Bank due to improper joinder.

NINETEENTH AFFIRMATIVE DEFENSE

20.    The Bank reserves the right to assert additional and/or further affirmative defenses during the course of this litigation as such become known throughout the course of this litigation.

WHEREFORE, the Bank prays for judgment against Plaintiff as follows:

1.  That Plaintiff take nothing by way of his Complaint;

2.  That the Bank be awarded its attorney fees, costs and disbursements incurred herein;

3.  For such other and further relief as this Court deems just and proper.

DATED: July 17, 2013             LAW OFFICES OF MICHAEL D. SCHULMAN

By _____
Michael D. Schulman
Attorneys for Citibank, N.A.

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 21800 Oxnard St., Suite 750 Woodland Hills, CA 91367.

On July 17, 2013, I served the document described as:

ANSWER OF CITIBANK, N.A. TO COMPLAINT

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

Todd M. Friedman
Nicholas J. Bontrager
Suren N. Weerasuriya
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Drive, #415
Beverly Hills, CA 90211

X  BY MAIL
        As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__ BY PERSONAL DELIVERY.

__ BY FACSIMILE DELIVERY. I transmitted said document from facsimile number: 818-999-5570, to facsimile number(s):

__ BY UNITED PARCEL SERVICE.
        I am readily familiar with the firm's practice of collection and processing correspondence for United Parcel Service - Overnight shipping. Under that practice it would be deposited with United Parcel Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.

X_ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 17, 2013, at Woodland Hills, California.


__Yvette Montejo____                                    _Yvette Montejo_
Type or Print Name                                          Signature

**PROOF OF SERVICE**

1

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4        I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 21800 Oxnard St., Suite 750 Woodland Hills, CA 91367.

5

6        On July 17, 2013, I served the document described as:

7  NOTICE OF REMOVAL BY DEFENDANT CITIBANK (SOUTH DAKOTA), N.A>

8  on the interested parties in this action by placing a true copy thereof enclosed in sealed envelope addressed as follows:

9

10  Todd M. Friedman
    Nicholas J. Bontrager
    Suren N. Weerasuriya
11  Law Offices of Todd M. Friedman, P.C.
    369 S. Doheny Drive, #415
12  Beverly Hills, CA 90211

13  X_  BY MAIL
        As follows: I am "readily familiar" with the firm's practice of collection and processing
14  correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the
15  ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after
16  date of deposit for mailing in affidavit.

17  __  BY PERSONAL DELIVERY.

18  __  BY FACSIMILE DELIVERY.  I transmitted said document from facsimile number: 818-999-5570, to facsimile number(s):

19

20  __  BY UNITED PARCEL SERVICE.
        I am readily familiar with the firm's practice of collection and processing correspondence for United Parcel Service - Overnight shipping.  Under that practice it would
21  be deposited with United Parcel Service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.

22  __  (State) I declare under penalty of perjury under the laws of the State of California that
23  the above is true and correct.

24  X_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25  Executed on July 17, 2013, at Woodland Hills, California.

26

27  ___Yvette Montejo_____                      _____
    Type or Print Name                                  Signature

28

| (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS (Check box if you are representing yourself ☐) |
|---|---|
| JACK KARPELES | CITIBANK (SOUTH DAKOTA), N.A. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |
|---|---|
| Todd M. Friedman, Esq.   (877) 206-4741<br>Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Drive, #415<br>Beverly Hills, CA 90211 | Michael D. Schulman, Esq.   (818) 999-5553<br>Law Offices of Michael D. Schulman<br>21800 Oxnard Street, Suite 750<br>Woodland Hills, CA 91367 |

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

## V. REQUESTED IN COMPLAINT: JURY DEMAND: ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.) unspecified

CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☒ No   ☒ MONEY DEMANDED IN COMPLAINT: $ 25,000) (in excess of

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. Section 1681 Fair Credit Reporting Act ("FCRA")

## VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS**<br>**PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number:   **CV13- 5158**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | South Dakota |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: July 17, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV13- 5158 JAK (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.